A94A1564. WHITE COUNTY BANK v. NOLAND COMPANY.
(449 SE2d 325)

ANDREWS, Judge.
Defendant White County Bank ("WCB") appeals the trial court's

grant of plaintiff Noland Company's motion for directed verdict and the denial of WCB's motion for same in this suit for conversion of a check paid on a missing endorsement.

In 1987, Noland supplied materials to Bourrie, Inc., the plumbing subcontractor on a school construction project. Noland submitted a $26,422.97 invoice to Bourrie in May 1987 for materials furnished through that time on the project. Bourrie likewise submitted a monthly billing statement to Charles Black Construction Company ("Black"), the general contractor on the project, which included the amount Bourrie owed Noland for materials. On May 18, 1987, Black drew a check on its account with WCB for $47,022.86 made payable to both Bourrie and Noland and sent the check to Bourrie. This was the first check Black had paid Bourrie on the project and included the amount Bourrie owed Noland for materials. There was no agreement or understanding that Black would also make the check payable to Noland. Bourrie deposited the check in its account with Bank South, the depository bank, without obtaining Noland's endorsement. Bank South credited the check to Bourrie's account and presented it to WCB, the drawee bank, which in turn paid the check and debited Black's account. In July, Bourrie delivered a $36,923.91 check to Noland, $26,422.97 of which represented payment through May for materials supplied on the school project. Noland credited Bourrie's account on the project for this amount and its July 1987 invoice to Bourrie reflects such a credit. At trial, Noland's credit manager acknowledged that all amounts Bourrie owed Noland for 1987 including the school project or any other projects had been paid.

Noland furnished materials to Bourrie on credit until 1989 when Bourrie went out of business and is currently owed approximately $60,000. Upon learning of the existence of the jointly payable check in 1990, Noland made demand on both banks for the full amount of the check. When the banks refused to pay, Noland brought the instant action against them. At trial, both banks moved for directed verdict on the ground Noland suffered no damages because it received payment for the obligation for which the joint check was issued to pay and that the debt Noland is currently owed by Bourrie was incurred after the check was issued. Noland moved for directed verdict against WCB, the drawee bank, on the ground it was absolutely liable under OCGA § 11-3-419 (2) for the face amount of the check. The trial court denied the banks' motions and granted Noland's motion for directed verdict against WCB for the face amount of the check plus interest. The jury subsequently returned a verdict in favor of Bank South, the depository bank.

WCB contends the trial court erred in granting Noland's motion for directed verdict because the absolute presumption of damages contained in OCGA § 11-3-419 (2) applies only to forged endorse-

ments, not missing endorsements. It also contends the court erred in denying its own motion for directed verdict because the test is one of actual damages as to missing endorsements and the evidence established that Noland suffered no damages as a result of WCB's paying over the missing endorsement because it was ultimately paid the amount for which the check was issued.

OCGA § 11-3-419 (1) (c) provides in pertinent part: "An instrument is converted when: . . . [i]t is paid on a forged indorsement." Section 11-3-419 (2) provides: "In an action against a drawee under subsection (1) of this Code section the measure of the drawee's liability is the face amount of the instrument. In any other action under subsection (1) of this Code section the measure of liability is presumed to be the face amount of the instrument." WCB argues the Supreme Court's decision in *Trust Co. of Columbus v. Refrigeration Supplies,* 241 Ga. 406, 409 (246 SE2d 282) (1978), effectively holds that the absolute presumption of damages in OCGA § 11-3-419 (2) does not apply to missing endorsement cases because the Court held therein that the nonendorsing payee was limited to recovering from both the drawee bank and the collecting bank "no more than the actual damages sustained." In *Trust Co.,* the issue was whether the nonendorsing payee could recover against the drawee and collecting banks for paying the check without his endorsement even though the drawer of the joint check was under no legal obligation to pay the nonendorsing payee. The court noted that payment of the check without the endorsement of the joint payee was analogous to payment of a check on a forged endorsement, which former Ga. Code § 109A-3-419 (1) (c) acknowledges to be a conversion, and that inclusion of the plaintiff as a joint payee on the check gave him a right to possession of the check and thus the right to sue in conversion. Id. at 408-409. The Court further noted that no unjust enrichment would result since the nonendorsing payee would recover no more than actual damages sustained and that issues of fact remained as to both the collecting and drawee banks on the issue of damages. Id. at 409-410.

While we recognize that some courts have found OCGA § 11-3-419 (1) (c) concerning forged endorsements applicable to missing endorsements, we agree with the dissent in *Trust Co.* that it is implicit in the majority's holding that former Ga. Code § 109A-3-419 (1) (c) and (2) do not apply to missing endorsements since the plain meaning of section (1) (c) restricts its scope to forged endorsements and the majority did not apply the measure of recovery for a conversion under § 109A-3-419 (2) but instead stated that the measure of damages is "the actual damages sustained." Id. at 411. In any event, it is clear to us that *Trust Co.* stands for the proposition that as to collecting or drawee banks the measure of damages with respect to missing endorsements is one of actual damages.

We further note that, even assuming OCGA § 11-3-419 (1) (c) does apply to missing endorsements, we would not construe § 11-3-419 (2) as providing a rule of absolute liability against the drawee bank for the face amount of the check where application of such provision would allow a payee, who suffered no actual damage, to be unjustly enriched. OCGA § 11-1-106 (1) provides that "[t]he remedies provided by this title shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special or penal damages may be had except as specifically provided in this title or by other rule of law." "The implication of 1-106 is that the plaintiff should not receive more than his actual harm as damages. In many cases, despite a technical breach of warranty or act of conversion, the plaintiff has suffered no damages or damages substantially less than the amount of the check." White & Summers, Uniform Commercial Code, § 15-7 (1988). Thus, "there should be no recovery in a case in which check proceeds come into the hands of the person for whom they are intended. Id.; see also *Ambassador Financial Svcs. v. Indiana Nat. Bank*, 605 NE2d 746 (Ind. 1992).

A directed verdict is not authorized unless there is no conflict in the evidence on any material issue and the evidence introduced, with all reasonable deductions, demands a certain verdict. OCGA § 9-11-50; *Shaw v. Ruiz*, 207 Ga. App. 299, 303 (10) (428 SE2d 98) (1993). As noted above, the test is one of actual damages with respect to missing endorsements and the evidence established that Noland was due $26,422.97 of the $47,022.86 check made payable to both it and Bourrie and that Bourrie subsequently paid that amount to Noland for which Noland credited Bourrie's account. Although the evidence further established that Bourrie subsequently incurred additional debt to Noland for which it is still owed, it is clear that Bourrie has paid Noland any and all amounts due on the school project for which the joint check was issued to pay and that Noland has suffered no actual damages as a result of WCB's payment over the missing endorsement. Accordingly, the trial court erred in granting Noland's motion for directed verdict and denying WCB's motion for directed verdict.

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 5, 1994.

*Kilpatrick & Cody, Thomas C. Harney, Timothy H. Kratz,* for appellant.

*Bisbee, Rickertson & Herzog, William A. Dupre IV,* for appellee.